Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:09 PM CDT

State of Nebraska, appellee, v.
Chad R. Clausen, appellant.

___ N.W.3d ___

Filed June 18, 2024.    No. A-23-960.

1. **Convictions: Evidence: Appeal and Error.** Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact.

2. **Convicted Sex Offender: Words and Phrases.** For purposes of the Sex Offender Registration Act, "working day" is commonly understood to mean Monday through Friday, excluding weekends, and "a period of at least three working days" would be understood to mean 3 consecutive working days.

3. **Convicted Sex Offender.** The purpose of the Sex Offender Registration Act is to protect communities from sex offenders who present a high risk to reoffend by providing information about where previous offenders live, work, and attend school.

4. **Constitutional Law: Rules of the Supreme Court: Statutes: Notice: Appeal and Error.** Neb. Ct. R. App. P. § 2-109(E) (rev. 2023) requires, in part, that a party presenting a case involving the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by separate written notice or in a petition to bypass at the time of filing such party's brief.

5. **Constitutional Law: Rules of the Supreme Court: Statutes: Appeal and Error.** A party challenging the constitutionality of a statute must strictly comply with Neb. Ct. R. App. P. § 2-109(E) (rev. 2023).

Appeal from the District Court for Washington County: JOHN E. SAMSON, Judge. Affirmed.

Adam J. Sipple, of Sipple Law, for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

PIRTLE, Chief Judge, and RIEDMANN and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Nebraska's Sex Offender Registration Act (SORA) requires a person subject to the act to register a new address, temporary domicile, or habitual living location within 3 working days prior to the change. See Neb. Rev. Stat. § 29-4004(2) (Reissue 2016). At issue in this appeal is the sufficiency of the evidence to prove the appellant, Chad R. Clausen, established such address, temporary domicile, or habitual living location. Finding the evidence sufficient, we affirm the district court's order.

## BACKGROUND

Det. Sgt. Brian Beckman of the Washington County sheriff's office received an anonymous tip that a registered sex offender, identified as Clausen, was staying at a Washington County, Nebraska, residence, despite being registered in Douglas County, Nebraska. Beckman confirmed that according to the registered sex offender database, Clausen was registered as living in Douglas County. Beckman relayed the information to Det. Samuel Vacha for further investigation.

Vacha and another officer went to the Washington County residence to investigate the anonymous tip. Upon arrival, Vacha spoke with Virginia Guerrero, who identified herself as Clausen's fiance's mother. Guerrero testified at trial that she lived with her daughter at the residence. She relayed that in October 2022, Clausen had been staying at the residence for

the past 3 to 4 months because he and her daughter planned to get married. She explained that Clausen was there "off and on" and would spend the night, but he did not have any of his belongings there. Vacha was allowed to testify, for impeachment purposes, that Guerrero told him that Clausen had resided there for approximately 6 months.

Clausen called Vacha later that day. Vacha testified at trial that when he asked Clausen if he had been living at the Washington County residence, Clausen informed him he was living at the property for 3 days, then he would live at his Omaha, Nebraska, residence for 3 days. When Vacha confronted Clausen with the information from Guerrero, Clausen admitted that "he was staying there most nights." Clausen then apologized and asked if he was going to jail.

Following the above testimony, the parties stipulated to receipt of the 56-second video from the other officer's body camera containing the encounter between Vacha and Guerrero for impeachment purposes only. In that video, Guerrero informed Vacha that Clausen had been residing at the Washington County residence "maybe 6 months."

The district court found that the State proved beyond a reasonable doubt that Clausen failed to comply with SORA. Specifically, it found that Clausen was subject to registration under SORA; between May 31 and October 18, 2022, Clausen had only registered in Douglas County; and Clausen did not contact or otherwise attempt to register as a sex offender in Washington County. Next, the district court found that Clausen established a temporary domicile and a habitual living location in Washington County between May 31 and October 18. In making this finding, the district court noted that Vacha was a credible witness, and his testimony was corroborated to some degree by Guerrero's testimony. Because Clausen established a temporary domicile and habitual living location somewhere different than his registered address without timely reporting it, the district court found that he violated SORA by failing to register his new address. Clausen appeals.

## ASSIGNMENTS OF ERROR

Clausen assigns the district court erred by (1) finding the State proved beyond a reasonable doubt Clausen intentionally established a temporary domicile or habitual living location in Washington County, and (2) declining to find § 29-4004 and its definitions under Neb. Rev. Stat. § 29-4001.01(3) and (6) (Reissue 2016) unconstitutionally vague on their face.

## STANDARD OF REVIEW

[1] Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Keadle*, 311 Neb. 919, 977 N.W.2d 207 (2022). The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

## ANALYSIS

*SORA Requirements.*

The parties do not dispute that Clausen was subject to SORA or that he had registered in Douglas County pursuant to the act. Rather, the parties dispute whether the State proved that Clausen established either a temporary domicile or habitual living location. For purposes of this appeal, the following provisions of SORA are relevant.

Section 29-4004 states:

(2) Any person required to register under the act shall inform the sheriff of the county in which he or she resides, in person, and complete a form as prescribed by the Nebraska State Patrol for such purpose, if he or she has a new address, temporary domicile, or habitual

living location, within three working days before the change. . . .

(3) Any person required to register under the act shall inform the sheriff of the county in which he or she resides, in person, and complete a form as prescribed by the Nebraska State Patrol for such purpose, if he or she has a new address, temporary domicile, or habitual living location in a different county in this state, within three working days before the address change.

Section 29-4001.01 contains the following definitions:

(3) Habitual living location means any place that an offender may stay for a period of more than three days even though the sex offender maintains a separate permanent address or temporary domicile;

. . . .

(6) Temporary domicile means any place at which the person actually lives or stays for a period of at least three working days.

*Sufficiency of Evidence.*

Clausen assigns the district court erred by finding the State proved beyond a reasonable doubt that he intentionally established a temporary domicile or habitual living location in Washington County. Clausen relies on *Doe v. Nebraska*, 734 F. Supp. 2d 882 (D. Neb. 2010), to conclude that because the State failed to show he stayed at the Washington County residence for "three consecutive weekdays" or more than 3 consecutive days, it did not meet its burden of proof. See brief for appellant at 10. We disagree.

[2] In *Doe v. Nebraska, supra*, the U.S. District Court for the District of Nebraska addressed whether the registration requirements of SORA were unconstitutionally vague. Finding that they were not, the court applied the commonly understood meaning of the phrases "working day" and "a period of at least three working days." As to the former, it held "working day" is commonly understood to mean Monday

through Friday, excluding weekends. As to the latter, it determined a person of reasonable intelligence would understand that phrase to mean 3 consecutive working days. The State does not dispute these interpretations; therefore, for purposes of this appeal, we utilize those definitions.

Here, Clausen told Vacha that he stayed at his fiance's residence in Washington County for 3 days, then he would stay at his Omaha residence for 3 days. After Vacha confronted him with Guerrero's statement, Clausen apologized and admitted he stayed at the Washington County residence "most nights." The heart of Clausen's argument is that the district court could not have found enough evidence to convict him when "the calendar reveals numerous ways a person can stay 'most nights' without staying either three consecutive working days or four consecutive days." Brief for appellant at 11. He correctly points out that there is no evidence to indicate whether Clausen stayed at the Washington County residence on weekdays, weekends, or both. However, under our standard of review, we must determine, after viewing the evidence in the light most favorable to the State, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *State v. Keadle*, 311 Neb. 919, 977 N.W.2d 207 (2022). We answer that question in the affirmative.

According to Guerrero, Clausen was staying at the Washington County residence "for the past 3-4 months." Impeachment evidence indicates she told Vacha he had been residing there maybe 6 months. Regardless, Clausen admitted to Vacha he was staying there "most nights," apologized, and asked if he was going to jail. This admission, corroborated by Guerrero's testimony, could lead a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt, i.e.: that Clausen established a temporary domicile, or habitual living location, in Washington County based upon the number of days he stayed there.

[3] The district court found Vacha credible and that his testimony, which established that Clausen had stayed there "most nights," was supported by Guerrero's testimony. The definition of "most" is the "greatest in quantity, extent, or degree" or "the majority of." Merriam-Webster's Collegiate Dictionary 809 (11th ed. 2020). If Clausen stayed at the Washington County residence a majority of the time, a reasonable trier of fact could find that he stayed 3 consecutive weekdays or more than 3 consecutive days. Furthermore, it would be an absurd result to allow a registered sex offender to stay at a residence other than his registered one for 3 days out of every week, as long as one of those days was a weekend. See *State v. Hochstein and Anderson*, 262 Neb. 311, 632 N.W.2d 273 (2001) (stating penal statutes are given sensible construction in context of object sought to be accomplished, evils and mischiefs sought to be remedied, and purpose sought to be served). This would frustrate the purpose of SORA, which is to protect communities from sex offenders who present a high risk to reoffend by providing information about where previous offenders live, work, and attend school. See *State v. Wilson*, 306 Neb. 875, 947 N.W.2d 704 (2020).

After viewing the evidence in the light most favorable to the prosecution, we agree that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Constitutional Challenge.*

Clausen assigns the district court erred by not finding unconstitutional § 29-4004 and the definitions under § 29-4001.01(3) and (6). We need not reach this argument, because Clausen failed to strictly comply with Neb. Ct. R. App. P. § 2-109(E) (rev. 2023).

[4,5] Section 2-109(E) requires, in part, that a party presenting a case challenging the federal or state constitutionality of a statute must file and serve notice thereof with the Supreme Court Clerk by separate written notice or in a

petition to bypass "at the time of filing such party's brief." A party challenging the constitutionality of a statute must strictly comply with § 2-109(E); a notice of a constitutional question filed 1 day after the filing of an appellate brief is too late. See *SID No. 596 v. THG Development*, 315 Neb. 926, 2 N.W.3d 602 (2024).

Here, Clausen filed his brief on January 9, 2024. He did not file his notice of constitutional question until January 11. Because his notice of constitutional question was not filed at the same time as his brief, Clausen failed to strictly comply with § 2-109(E). As did the Supreme Court in *SID No. 596 v. THG Development, supra*, we decline to address Clausen's constitutional challenge due to his failure to comply.

## CONCLUSION

After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Clausen failed to comply with the SORA registration requirements beyond a reasonable doubt. We decline to address his constitutional claim because of noncompliance with § 2-109(E). Accordingly, we affirm.

Affirmed.